# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **ESTATE OF TIMOTHY WEST,** **Deceased, by Lori DeFisher, Administrator,** c/o FG+G 35 East 7th Street, Ste. 201 Cincinnati, Ohio 45202  Plaintiff,  -vs-  **TREVOR PHILLIPS,** Washington Courthouse Police Department, 130 N Fayette Street Washington Court House, OH 43160,  Defendant. | Case No.  Judge  **COMPLAINT**  **JURY TRIAL DEMANDED** |

1. This is a civil rights action brought on behalf of the Estate of Timothy West.

2. On October 1, 2023, when Washington Courthouse police officer Trevor Phillips pursued and used his taser against Timothy West, he caused Timothy's wrongful death.

3. This action seeks accountability for violations of Timothy West's constitutional rights. Plaintiff also seeks accountability, damages, and other relief under Ohio law.

### JURISDICTION AND VENUE

4. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 *et seq*; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States.

5. Supplemental jurisdiction over the related state law claims is invoked pursuant to 28 U.S.C. §1367.

1

6. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to plaintiff's claim also occurred in this judicial district.

## PARTIES

7. **Decedent Timothy West** was, at the time of his death on October 1, 2023, only thirty-five years old. He was the son of Lori DeFisher, and one of four siblings.

8. **Plaintiff Lori DeFisher**, Timothy West's mother, was appointed Administrator of the **Estate of Timonthy West**, by the Probate Court of Fayette County, Ohio, Case No. PE20230701, on November 3, 2023.

9. **Defendant Officer Trevor Phillips**, at all times relevant, was a duly appointed police officer employed by the **Washington Courthouse Police Department**, acting within the scope of his employment and under the color of state law. He is sued in his individual capacity.

## FACTS

10. On or about October 1, 2023, at approximately 6 PM, Timothy West was the passenger in a car traveling in Washington Courthouse, Ohio.

11. Defendant Officer Trevor Phillips began following that car and initiated a traffic stop.

12. As the car came to a stop, Timothy opened the door, exited the car, and ran.

13. In response, Defendant Phillips unholstered his taser and chased Timothy through a grassy area toward a house.

14. The house was surrounded on the side and back by a concrete patio area, flanked on its outside edge with tall shrubbery.

15. Timothy entered the patio area through a break in the shrubbery that opened onto the concrete patio area.

16. Defendant Phillips ran toward the break in the shrubbery in pursuit of Timothy.

17. Concrete pavers and rocks sat in the grass and on the ground, situated near the lip of the concrete pad of the patio, in this entrance area at the break in the shrubbery.

18. As Defendant Phillips rounded the shrubbery to enter into the patio, he saw Timothy.

19. Timothy was just a few feet away and was running toward this opening in the shrubbery, where he could have exited the patio had Defendant Phillips not been blocking his path.

20. When he saw Timothy, Defendant Phillips raised his taser and pointed it toward Timothy.

21. Then, without giving any warning, Defendant Phillips deployed his taser, making contact with Timothy's head.

22. Defendant Phillips' taser barbs entered directly into Timothy's head at close range, and at least one of the barbs embedded deeply during impact.

23. Defendant Phillips' taser use caused Timothy to fall to the ground.

24. Timothy was unconscious and was not breathing.

25. Timothy's unconscious, nonbreathing state constituted a serious medical need.

26. However, Defendant Phillips did not immediately render aid to Timothy and did not respond reasonably to Timothy's serious medical need.

27. Instead, Phillips shoved his taser into Timothy's back as the taser continued its cycle, sending electric current into Timothy's body.

28. Phillips then pulled Timothy's flaccid arms behind his back and handcuffed him.

29. Defendant Phillips yanked Timothy onto his side but then let him fall back over, even though Timothy was obviously unresponsive and unconscious.

30. Though Defendant Phillips was trained to render emergency aid, including chest compressions, and while he did ask for an ambulance approximately a minute and a half after his taser prongs entered Timothy's head, Phillips did not bother to check for a pulse or check to see if Timothy was breathing or begin chest compressions at this time.

31. Defendant Phillips instead pulled out his taser cartridge, took Timothy's hat and other items from him, jogged out to the street, and then walked back to Timothy at the patio area, where Timothy remained unconscious and face down on the ground.

32. Washington Courthouse Police Officer Gavin Moore arrived approximately three minutes after Phillips's taser hit Timothy.

33. Defendant Phillips told Officer Moore as he approached, "I just hit a guy in the head with taser."

34. Officer Moore asked, "Is he okay?"

35. Defendant Phillips responded, "I think he's unconscious. Think he might have hit his head as well."

36. Officer Moore surveyed the situation. He saw that Timothy looked dark blue and purplish. Officer Moore asked, "Is he breathing?" and checked to see if Timothy was breathing.

37. Timothy was not breathing.

38. It was only at this time, almost four minutes after Defendant Phillips' taser barbs entered Timothy's head, with Phillips' handcuffs still securing Timothy's hands behind his back, that Phillips began providing first aid by way of performing chest compressions.

39. It was too late.

4

40. Timothy West died due to blunt force injuries to his head and neck that resulted from Defendant Phillips' taser use.

41. The TASER manual associated with Defendant Phillips' taser specifically admonishes officers, in its instructions how and where to aim the taser, against deploying their tasers into sensitive areas of the body such as the head, throat, chest, or known pre-existing injury areas without legal justification.

42. Washington Courthouse Police Department's Use of Force policy requires that "[o]nly the amount of force reasonably necessary to affect an arrest or control a person shall be used" and that officers should consider, when deciding whether or not to use their tasers, factors such as their distance from the person and potential hazards to the person after the taser is deployed that could cause injury.

43. Washington Courthouse Police Department's Use of Force policy and the Constitution require officers not to use deadly force against a fleeing suspect unless the officer has probable cause to believe that the suspect poses an immediate threat of death or serious physical harm to the officer or another person.

44. But prior to his use of force, Phillips did not observe Timothy to have any weapons.

45. Defendant Phillips' use of force against Timothy West was excessive and unreasonable.

46. Defendant Phillips caused Timothy West to suffer physical and emotional trauma and injuries immediately prior to his death.

47. Defendant Phillips caused Timothy West's wrongful death and caused the trauma and damages suffered by West's family as a result of his wrongful death.

48. During these events, Timothy West had an objectively serious medical need.

49. Defendant Phillips knew or should have known that Timothy had an objectively serious medical need.

50. During these events, Defendant Phillips also knew or should have known that Timothy's serious medical needs subjected him to an excessive risk of harm and that failing to timely provide first aid or medical intervention or to seek provision of the same by medical personnel would pose a serious risk to Timothy's health.

51. In failing to take timely action, Defendant Phillips ignored serious risks to Timothy's health.

52. Defendant Phillips acted recklessly and/or with deliberate indifference to the serious medical needs of Timothy West.

53. Throughout the events described in this complaint, Defendant Phillips recklessly breached his duties to Timothy, failed to act with due care, and caused him injury.

54. Defendant Phillips' conduct was the direct and proximate cause of Timothy's injuries and damages, including but not limited to conscious pain and suffering and emotional trauma.

55. Timothy's injuries and death were a foreseeable result of Phillips' conduct.

56. Defendant Phillips' conduct caused Timothy West's death, caused trauma and suffering prior to his death, and harmed his beneficiaries and next of kin.

### FIRST CLAIM FOR RELIEF:
### 42 U.S.C. § 1983 | Amend. IV & XIV — Excessive Force

57. Plaintiff incorporates all of the foregoing paragraphs as though fully set forth here.

58. As Administrator of the Estate of the Decedent, the Plaintiff brings this claim for the injuries and damages to Timothy West prior to his death, liability for which is preserved pursuant to Ohio R.C. §2305.21, for the benefit of Mr. West's Estate.

6

59. Defendant Phillips, acting under color of law, deprived Timothy West of clearly established rights, privileges, or immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, including but not limited to, his right to be free from excessive force.

60. Defendant Phillips used excessive, unreasonable, and gratuitous force in seizing Timothy West.

61. The force used by Defendant Phillips was a direct and proximate cause of the constitutional violations Timothy suffered and of his injuries and damages, described above.

## SECOND CLAIM FOR RELIEF:
## 42 U.S.C. § 1983 | Amend. IV & XIV — Deliberate Indifference to Serious Medical Needs

62. Plaintiff incorporates all of the foregoing paragraphs as though fully set forth here.

63. As Administrator of the Estate of the Decedent, the Plaintiff brings this claim for the injuries and damages to Timothy West prior to his death, liability for which is preserved pursuant to Ohio R.C. §2305.21, for the benefit of Mr. West's Estate.

64. Defendant Phillips, acting under color of law, deprived Timothy West of clearly established rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendment to the United States Constitution, including, but not limited to, the right to constitutionally adequate medical care while in custody.

65. Defendant Phillips acted with recklessness and deliberate indifference to Timothy's serious medical needs when he failed to provide Timothy with objectively reasonable and constitutionally adequate medical care while in his custody.

66. Defendant Phillips' failure to provide constitutionally adequate care was a direct and proximate cause of the constitutional violations Tiomthy West suffered and of Timothy's injuries and damages, described above.

### THIRD CLAIM FOR RELIEF:
#### Negligence - Reckless Breach of Duty

67. Plaintiff incorporates all of the foregoing paragraphs as though fully set forth here.

68. As Administrator of the Estate of the Decedent, the Plaintiff brings this claim for the injuries and damages to Timothy West prior to his death, liability for which is preserved pursuant to Ohio R.C. §2305.21, for the benefit of Mr. West's Estate.

69. Defendant Officer Phillips had a duty to the public at large, including decedent Timothy West, to exercise due care. Defendant Phillips further had a duty to the public and to Timohty West to act in a lawful and reasonable manner, to protect citizens, including decedent Timothy West, to not act in a manner that was willful, wanton, or reckless, to not use excessive or unreasonable force, to not commit assault or battery, and to not be deliberately indifferent to the serious medical needs of people he encountered in his capacity as a law enforcement officer.

70. In the manner described above, Defendant Phillips breached those duties.

71. Because Defendant Phillips breached these duties of care in a manner that was reckless, he is not entitled to the immunities set forth in Ohio R.C. § 2744.01 *et seq.*

72. As a direct and proximate result of the Defendant Phillips' reckless misconduct, Tiomthy West suffered injuries and damages prior to his death.

### FOURTH CLAIM FOR RELIEF:
#### Negligence – Assault and Battery

73. Plaintiff incorporates all of the foregoing paragraphs as though fully set forth here.

74. As Administrator of the Estate of the Decedent, the Plaintiff brings this claim for the injuries and damages to Timothy West prior to his death, liability for which is preserved pursuant to Ohio R.C. §2305.21, for the benefit of Mr. West's Estate.

75. In the manner described more fully above, Defendant Phillips' actions towards Timothy West both created in Mr. West the fear and apprehension of an imminent, harmful, and

offensive touching and constituted a harmful touching, knowingly and without privilege or any other legal justification.

76. Because Defendant Phillips breached these duties of care in a manner that was reckless, he is not entitled to the immunities set forth in Ohio R.C. § 2744.01 *et seq.*

77. As a direct and proximate result of the Defendant Phillips' reckless misconduct, Timothy West suffered injuries and damages prior to his death.

**FIFTH CLAIM FOR RELIEF:**
**Ohio Rev. Code § 2125 – Wrongful Death Claim**

78. Plaintiff incorporates all of the foregoing paragraphs as though fully set forth here.

79. Decedent Timothy West is survived by his next of kin and/or heirs, who are represented by the Plaintiff in this action.

80. Defendant Phillips' wrongful conduct and the injuries he inflicted on Timothy West directly and proximately caused Mr. West's death, rendering Phillips liable for damages resulting from that death, pursuant to Ohio Rev. Code § 2125.02.

81. Specifically, Phillips' assault and/or battery and/or breach of duty and/or excessive force and/or deliberate indifference to serious medical needs as described in this Complaint proximately caused Mr. West's wrongful death.

82. Because Defendant Phillips directly and proximately caused the wrongful death of Timothy West in a manner that was reckless and/or willful and/or wanton, he is not entitled to the immunities set forth in Ohio R.C. § 2744.01 *et seq.*

83. Decedent's heirs have suffered injury by reason of Mr. West's death, including, but not limited to, mental anguish, loss of society, loss of support, loss of services, loss of prospective inheritance, and other damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgement be entered in her favor on all counts and prays the Court award the following relief:

A. Compensatory damages in an amount to be shown at trial;

B. Punitive damages in an amount to be shown at trial;

C. Costs incurred in this action and reasonable attorney's fees; and

D. An award of all other damages recoverable under Ohio's wrongful death and survivorship statutes and such other and further relief as the Court may deem just and proper.

**A JURY IS REQUESTED TO HEAR THIS MATTER.**

Dated: September 30, 2024              Respectfully submitted,

*/s/ Jacqueline Greene*
Jacqueline Greene (0092733)
FG+G
35 E. 7th Street, Suite 201
Cincinnati, OH 45202
T: (513) 572-4200 / F: (216) 621-0427
jacqueline@FGGfirm.com

Sarah Gelsomino (0084340)
FG+G
50 Public Square, Suite 1900
Cleveland, OH 44113
T: (216) 241-1430 / F: (216) 621-0427
sarah@FGGfirm.com

*Counsel for Plaintiff*